**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

In re:

Anthony J. Boglino

Stefanie A. Boglino aka Stefanie A. Alba

Debtors

**CASE No.: 8-16-70353-ast**

**CHAPTER 7**

---

## <u>CONDITIONAL ORDER</u>

**WHEREAS**, on January 29, 2016, Anthony J. Boglino and Stefanie A. Boglino aka Stefanie A. Alba ("Debtors") the above-captioned Debtor's, filed a voluntary petition for relief in accordance with 11 U.S.C. §101 *et. seq.*; and

**WHEREAS**, an application having been made to this Court by Wells Fargo Bank, N.A., ("Secured Creditor") by Notice of Motion dated April 22, 2016, seeking an Order terminating the automatic stay imposed by 11 U.S.C. Section 362(a) as to Secured Creditor's interest in the premises commonly known as 3878 Darby Lane, Seaford, NY 11783 ("Mortgaged Premises"); and

**WHEREAS**, this Court, having considered the evidence presented on August 25, 2016 and the arguments of the parties, and with good cause appearing therefor, and upon the agreement of the parties hereto; and

**WHEREAS**, the Debtors have defaulted on a Note and Mortgage executed by Debtors on September 5, 2012 and by failing to make payments due on December 1, 2015 through April 1, 2016 each in the amount of $2,731.27 and payments due May 1, 2016 through October 1, 2016 each in the amount of $2,737.27; and it is hereby

**ORDERED**, that the Debtors shall pay all post-petition arrears, NSF fees, inspection fees, and late fees, a breakdown of which follows:

| 5 Monthly Payments at $2,731.27 | $13,656.35 |
| 6 Monthly Payments at $2,737.27 | $16,423.62 |
| **TOTAL DUE:** | **$30,079.97** |

**ORDERED**, that the Debtors shall pay the Secured Creditor, Wells Fargo Bank, N.A., the sum of $30,079.97 on or before October 31, 2016; and it is further

**ORDERED**, that Debtors' shall send the above mentioned payment, in the amount of $30,079.97 to Woods Oviatt Gilman, LLP, Attention: Aleksandra K. Fugate, Esq., 700 Crossroads Building, 2 State Street, Rochester, New York 14614; and it is further

**ORDERED**, that Debtors' shall send all future payments to Secured Creditor directly at, Wells Fargo Bank, NA., Attention: Bankruptcy Payment Processing, Mac #X2302-04C, One Home Campus Drive, Des Moines, IA 50328; and it is further

**ORDERED**, that the Debtors pay all future monthly mortgage installments, to Secured Creditor, as they become due, commencing with the installment payable on **November 01, 2016**, with time being of the essence. A default is deemed to have occurred in the event that any monthly mortgage payment is not received within 15 (fifteen) days of the date in which it is due; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d), in the event Debtor(s) (i) fails to timely pay any part of the payments in accordance with the above decretal paragraphs, and (ii) fails to cure such default within **ten (10) days** written notice to Debtor's counsel by email, the automatic stay will be terminated by an Order entered without a hearing, **ten (10) days** after an affirmation of non-compliance is filed with the Court and served upon the Debtor(s) and Debtor's counsel, provided that no challenge to Movant's affirmation of non-compliance is timely made and filed in accordance with this Order, whereupon Movant may take any and all action under applicable state law to exercise its remedies against the Collateral; and it is further

**ORDERED**, that if Debtor(s) has/have received two notices of default, then, in the event of a third default, the stay will be terminated by an Order entered **ten (10) days** after an affirmation of non-compliance is filed with the Court and served upon the Debtor(s) and Debtor's counsel, provided that no challenge to Movant's affirmation of non-compliance is timely made and filed in accordance with this Order; and it is further

**ORDERED**, that a proposed Order lifting the stay shall be submitted to the Court via electronic upload at the time an affirmation of non-compliance is filed; and it is further

**ORDERED**, that for any affirmation of non-compliance served by mail to any party, three (3) days additional notice is required under E.D.N.Y. LBR 9006-1(c) before the automatic stay terminates; and it is further

**ORDERED**, that any challenge to an affirmation of non-compliance shall be brought by counter-affidavit and must be filed with the Court and served on Movant's counsel within **seven (7) days** after the date of service of the affidavit of non-compliance. Any such challenge shall be limited to the defense that the payment(s) have, in fact, been timely paid and have not been properly credited. The counter-affidavit shall be accompanied by evidence of such payment(s). If a counter affidavit is timely served and filed, the stay shall remain in effect pending a hearing which the Court may schedule on an expedited basis or further order of the Court.



**Dated: October 21, 2016**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**